# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| BIEJAN ARVON, | * |
| Plaintiff, | * |
| v. | * Civil No.: BPG-17-2022 |
| LIBERTY MUTUAL FIRE INSURANCE, CO., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Biejan Arvon ("plaintiff") filed this lawsuit against Liberty Mutual Fire Insurance Company ("defendant"), alleging unfair insurance claim settlement practices in violation of Maryland's Insurance Article § 27-303, and both negligent and intentional misrepresentation under Maryland law. The parties consented to proceed before a Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. (ECF Nos. 9, 18). Currently pending before the court is: Defendant's Motion to Dismiss the Complaint ("Motion") (ECF No. 10), Plaintiff's Opposition to Motion to Dismiss ("Opposition") (ECF No. 24), and Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint ("Reply") (ECF No. 27). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, defendant's Motion (ECF No. 10) is granted in part and denied in part.

## I. BACKGROUND

This case arises out of a car accident on July 8, 2011 between plaintiff and two individuals, Alireza Gol ("Gol") and Hamed Khodaparasti Dehboneh ("Dehboneh"). (ECF No. 24 at 2). Plaintiff was taken from the scene by medical professionals without exchanging information with the other individuals. Id. at 1. After the accident, plaintiff was contacted by defendant on behalf of one of its insureds, Puya Shakiba ("Shakiba"), who was not involved in the accident. Id. Shakiba was the roommate of the two individuals involved in the crash. Id. at 2. According to the complaint in this case, plaintiff, through his counsel's conversations with defendant after the accident, was led to believe that Shakiba was the party at fault. Id. at 1. Indeed, defendant paid for plaintiff's property damage claims under Shakiba's name. (ECF No. 10-3 at 4).

The parties were unable to settle the dispute, prompting plaintiff to file suit against Shakiba in Baltimore County Circuit Court before the expiration of the statute of limitations. (ECF No. 24 at 5). After filing the lawsuit, plaintiff learned that Gol and Dehboneh, not Shakiba, were the parties actually involved in the accident. (ECF No. 10-3 at 1). Plaintiff filed an amended complaint naming Gol and Dehboneh as defendants, but only after the statute of limitations had run. Id. The defendants filed motions to dismiss, which were all denied. Id. at 4. The defendants then moved for summary judgment, which the trial court granted and plaintiff appealed to the Maryland Court of Special Appeals. Id. Plaintiff argued that his amended complaint related back to his original complaint, and that he was misled by false representations made by Liberty Mutual, in an effort to delay him from correcting the named defendants until after the limitations period passed. Id. at 5–8. The Court of Special Appeals affirmed the Circuit Court and held that summary judgment was proper as to Shakiba because he was not involved in

the accident and therefore breached no duty he owed the plaintiff. Id. at 5–6. The court also held, applying the doctrine of equitable tolling, that plaintiff's limitations period was not tolled because the plaintiff failed to exercise reasonable care and due diligence by not discovering the police report from the accident, which identified Gol and Dehboneh as the responsible parties. Id. at 6–9. Regardless of whether Liberty Mutual's conduct was done intentionally or by mistake, the court noted that plaintiff had access to the necessary information and Liberty was under no duty to tell plaintiff who to sue. Id.

Around June 12, 2017, plaintiff filed the present lawsuit against defendant in Baltimore County Circuit Court. Defendant removed the action to this court on July 21, 2017. Plaintiff alleges a violation of Insurance Article of the Maryland Annotated Code Section 27-303, along with claims alleging both negligent and intentional misrepresentation.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When ruling on such a motion, the court must "accept[] all well-pleaded allegations in the plaintiff's complaint as true" and "draw[] all reasonable factual inferences from those facts in the plaintiff's favor." Id. at 244. Nonetheless, "[t]he mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Rather, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft, 556 U.S. at 678 (internal citation and quotation marks omitted). A plaintiff

3

satisfies this standard not by forecasting evidence sufficient to prove the elements of the claim, but by alleging sufficient facts to establish those elements. Walters, 684 F.3d at 439. Accordingly, "while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### III. DISCUSSION

#### A. Count I—Violation of Maryland Code § 27-303

Count I of plaintiff's complaint seeks relief under Section 27-303 of the Maryland Insurance Article. (ECF No. 2 at 7). Defendant argues that this count should be dismissed because any "bad faith" insurance settlement practices claim based in tort must be brought by a first-party claimant, or a party insured by the insurance company, rather than a third party claimant. (ECF No. 10-1, at 7–8). Defendant also argues that even if plaintiff was a first-party claimant, the count must be dismissed because Section 27-303 provides administrative remedies only and not a private cause of action in civil court. Id. at 8–9. Plaintiff argues that he can maintain a cause of action under the statute, arguing that Section 27-303 is meant to protect persons such as him, that defendant violated the statute, and the violation caused plaintiff's harm. (ECF No. 24 at 7–8). Plaintiff also argues that he is not pursuing his claim under a theory of bad faith or tort, but rather misrepresentation. Id. at 9–10.

Section 27-303 is intended to provide an additional remedy, administrative in nature, to plaintiffs seeking to recover from insurance companies for unfair claims settlement practices. This statute provides administrative remedies only; it does not provide a private cause of action. See Md. Code Ann., Insurance, §§ 27-301, 303. The Fourth Circuit has held that § 27-303

4

provides only an administrative remedy that must be pursued through the Maryland Insurance Administration ("MIA") and that it similarly does not provide for an action in tort against an insurer for bad faith failure to settle a claim. Hartz v. Liberty Mut. Ins. Co., 269 F.3d 474, 475–77 (4th Cir. 2001); see also Dern v. Liberty Mutual Ins. Co., No. GJH-14-1737, 2015 WL 8665329, at *3 (D. Md. Dec. 11, 2015) (same); Johnson v. Fed. Kemper Ins. Co., 536 A.2d 1211, 1213 (Md. Ct. Spec. App. 1988) (same).

Here, as defendant argues, plaintiff cannot maintain a cause of action in tort because "Maryland law recognizes a tort cause of action only by an insured party where an insurer refuses in bad faith to settle a third-party's claim against the insured." Moye v. Avis Budget Grp., No. TDC-14-2714, 2015 WL 410515, at *4 (D. Md. Jan. 27, 2015). Plaintiff is a third party claimant who is not insured by the defendant; therefore, the defendant owes no duty to plaintiff. Id. Further, § 27-303 provides administrative remedies only; it does not provide a private cause of action. Such a cause of action must be brought administratively through the MIA, not in a civil court. Hartz, 269 F.3d at 476 ("[F]ederal courts simply have no license to upend Maryland's decision to resolve this sort of insurance complaint administratively.") As for plaintiff's argument that he is pursuing his claim under a theory of misrepresentation and not bad faith, plaintiff cannot maintain an action under § 27-303 in this court regardless of the legal theory asserted. Accordingly, Count I, alleging unfair claims settlement practices under §27-303, is dismissed.

### B. Counts II and III—Negligent and Intentional Misrepresentation

Counts II and III of plaintiff's complaint allege, respectively, that defendant made negligent and intentional misrepresentations to plaintiff concerning the identity of the insured

driver. The core of defendant's arguments for both of these counts is that plaintiff, as a matter of law, could not have justifiably acted in reasonable reliance on any alleged false statements. In support of this argument, defendant relies on the opinion of the Maryland Court of Special Appeals in this case in which the court held plaintiff's limitations period was not equitably tolled. Defendant's reliance is misplaced because the Court of Special Appeals was undertaking a completely different analysis, that is, whether equitable tolling of the statute of limitations was appropriate. Arvon v. Shakiba, 2017 WL 1592555, at *3 (Md. Ct. Spec. App. 2015) (unreported opinion). The analysis of whether the doctrine of equitable tolling applied to plaintiff's case was based on an entirely different body of law. Compare Goode v. American Veterans, Inc., 874 F. Supp.2d 430, 454–55 (D. Md. 2012) (noting law regarding justifiable reliance for negligent and intentional misrepresentations), with Adedje v. Westat, Inc., 75 A.3d 401, 408–09 (Md. Ct. Spec. App. 2013) (detailing law applicable to equitable tolling in Maryland).

Further, the case law relied upon by defendant is not instructive because the procedural posture of those cases was different than this case. This court must apply the motion to dismiss standard to the pending motion. The cases cited by defendant were decided either at summary judgment or trial. See Appel v. Hupfield, 84 A.2d 94 (Md. 1951) (on appeal after defense verdict); American Veterans, Inc., 874 F. Supp.2d at 454–55 (claims for intentional and negligent misrepresentation satisfied motion to dismiss, but not summary judgment, standard); SpinCycle, Inc. v. Kalender, 186 F. Supp.2d 585 (D. Md. 2002) (denying defendant's motion for summary judgment); Miller v. Fairchild Industries, Inc., 629 A.2d 1293 (Md. Ct. Spec. App. 1993) (on appeal after grant of summary judgment for defendants); Skrecz v. Gibson Island Corp, No. RDB-13-1796, 2015 WL 370049 (D. Md. Jan. 27, 2015) (granting defendants' motion for summary judgment).

Defendant's second argument, in relation to Count III alleging intentional misrepresentation, is that "plaintiff does not identify a single fact that is not a conclusory allegation regarding how it is that defendant 'made the false representations for the purpose of defrauding Plaintiff.'" (ECF No. 10-1 at 12). As defendant notes, such information is required to satisfy the third element of intentional misrepresentation. SpinCycle, Inc., 186 F. Supp.2d at 590. Contrary to defendant's assertions, the facts set forth in paragraphs 1–31 of the complaint are not conclusory allegations, but rather describe in detail the facts supporting plaintiff's claim that the defendant intentionally, or negligently, misrepresented facts to the plaintiff pertaining to the driver of the vehicle involved in the accident until it was too late to sue the proper party. See Tinco v. Thesis Painting, Inc., No. GJH-16-752, 2017 WL 52554 (D. Md. Jan. 3, 2017) (denying motion to dismiss because plaintiff had alleged sufficient facts to warrant discovery); Total Renal Care of North Carolina, LLC v. Fresh Market, Inc., 457 F. Supp.2d 619, 623 (M.D. N.C. 2006) (denying motion to dismiss because issues more appropriate for summary judgment after discovery on relevant issues). The court must accept the allegations in the plaintiff's complaint as true and draw all reasonable factual inferences in plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557–560 (2007). The court concludes that plaintiff's complaint adequately alleges facts sufficient to state a plausible claim. Accordingly, defendant's Motion to dismiss counts II and II is denied because plaintiff has alleged sufficient facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009).[1]

---

[1] The court notes that defendant has filed a Motion for Leave to File a Third Party Complaint (ECF No. 40) seeking to add plaintiff's counsel as a third party defendant in this case. That motion is not yet ripe and will be resolved in due course. Given the allegations of plaintiff's complaint, however, the court notes that it is apparent that plaintiff's counsel will be a witness in this case and, accordingly, will not be able to continue as counsel of record.

## IV. CONCLUSION

For the foregoing reasons, defendant's Motion (ECF No. 10) is GRANTED as to Count I and DENIED as to Counts II and III.

Date: March 6, 2018                  _____/s/_____
                                                            Beth P. Gesner
                                                            Chief United States Magistrate Judge