UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (NORTHERN DIVISION)

| | | |
|---|---|---|
| BIEJAN ARVON | * | |
|     Plaintiff | * | |
| v. | * | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | * | |
| | * | |
|     Defendant/Third-Party Plaintiff, | * | |
| v. | * | Case No.: 1:17-cv-02022 BPG |
| MARC SELDIN ROSEN, ESQ. | * | |
|     1100 Sparks Road<br>    Sparks, Maryland 21152 | * | |
| | * | |
|     Third Party Defendant, | * | |
| And | | |
| | * | |
| THE LAW OFFICES OF MARC SELDIN ROSEN | * | |
|     26 South Street<br>    Baltimore, Maryland 21202 | * | |
| | * | |
|     Third Party Defendant. | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT/THIRD-PARTY PLAINTIFF LIBERTY MUTUAL FIRE INSURANCE COMPANY'S THIRD-PARTY COMPLAINT AGAINST MARC SELDIN ROSEN, ESQ. AND THE LAW OFFICES OF MARC SELDIN ROSEN**

NOW COMES Defendant, Liberty Mutual Fire Insurance Company (hereinafter referred to as "Liberty"), by and through undersigned counsel, to file this Third Party Complaint against Marc Seldin Rosen, Esq. and The Law Offices of Marc Seldin Rosen and states in support of its Complaint, the following:

1.  On June 12, 2017, Plaintiff, Biejan Arvon, filed a Complaint against Defendant/Third-Party Plaintiff, Liberty, in the Circuit Court for Baltimore County, Case No. 03-

C-17-005658, which Liberty removed to the United States District Court for the District of Maryland, where it is currently pending as captioned above, namely Case No. 1:17-cv-02022 BPG.

2. Plaintiff seeks damages against Liberty that are in excess of the minimum jurisdictional amount of this Court.

3. Liberty has denied the allegations in Mr. Arvon's Complaint and has filed a Motion to Dismiss, ECF No. 10, on the basis that it did not engage in any wrongdoing in handling Mr. Arvon's third-party liability claim arising out of a motor vehicle accident, that, as a matter of law, Liberty did not negligently or intentionally misrepresent any information to Mr. Arvon in the adjustment of his claim during which time he was represented by counsel (the Proposed Third Parties), and that Liberty is not responsible, as a matter of law, for Plaintiff Arvon's alleged economic and/or non-economic injuries.

4. As alleged in the Complaint, Plaintiff, Biejan Arvon, was at all pertinent times a resident of Baltimore County, Maryland. *See* Complaint, ¶ 2.

5. As alleged in the Complaint, Defendant/Third-Party Plaintiff, is, and was at all relevant times, a corporation organized under the laws of the State of Wisconsin with its principal place of business in Boston, Massachusetts. *See* Complaint, ¶ 1; *see also* Liberty's Local Rule 103.3 Disclosure, ECF No. 5.

6. Third-Party Defendant, Marc Seldin Rosen, is, upon information and belief, a resident of Baltimore County, Maryland.

7. Third-Party Defendant, The Law Offices of Marc Seldin Rosen, is forfeited entity formerly registered in the State of Maryland, as both an LLC and a P.A., and currently operating from 26 South Street, Baltimore, Maryland 21202.

8. Based upon information and belief, Third-Party Defendant Rosen is the custodian of the assets and/or is in possession of the assets of The Law Offices of Marc Seldin Rosen.  Defendant Marc Rosen is named as a party hereto in his individual capacity and in his

capacity as the successor and/or custodian of the assets of The Law Offices of Marc Seldin Rosen.

9. Inclusion of the additional Third-Party Defendants does not impact the Court's jurisdiction under 28 U.S.C.A. § 1332(a)(1).

10. As appears in Plaintiff Arvon's Complaint against Liberty, Mr. Arvon sustained injuries in a motor vehicle accident occurring on July 8, 2011 ("Accident"). *See* Complaint, ¶ 5.

11. Plaintiff submitted a third-party liability claim to Liberty seeking compensation for those injuries and for other damages due to the Accident. *See* Complaint, ¶ 5.

12. Plaintiff hired Marc Seldin Rosen, Esq. and The Law Offices of Marc Seldin Rosen to represent him with regard to his third-party liability claim against Liberty. Liberty was advised of that representation by letter dated September 16, 2013. *See* **Exhibit 1.**

13. Mr. Rosen filed a lawsuit on June 23, 2014 in the Circuit Court of Maryland for Baltimore County (the "Trial Court") on Mr. Arvon's behalf against Puya Shakiba, attached as **Exhibit 2** and hereinafter referred to as the "Tort Complaint." The Tort Complaint alleged that Mr. Shakiba was operating a motor vehicle that caused the Accident and alleged that Mr. Shakiba caused Mr. Arvon's injuries. The Tort Complaint demanded $500,000 in compensatory damages against Mr. Shakiba.

14. At the time of filing the Tort Complaint, Mr. Rosen has not obtained the police report for the Accident.

15. Contrary to the allegations in the Tort Complaint, Mr. Shakiba, was not the operator of the motor vehicle involved in the Accident.

16. Thereafter, Mr. Rosen filed an Amended Complaint on August 4, 2014 on Mr. Arvon's behalf, attached hereto as **Exhibit 3** (the "Amended Tort Complaint"), naming two new defendants, Alireza Gol and Hamed Khodaparasti Dehboneh, as additional tortfeasors.

17. The three-year Statute of Limitations applicable to Mr. Arvon's tort claims had run, however, on July 8, 2014, before Mr. Rosen filed the Amended Complaint.

18. The Trial Court entered Summary Judgment on the Amended Tort Complaint in favor of all defendants on January 11, 2016. A copy of that summary judgment order is attached as **Exhibit 4**. The Trial Court accepted the defendant's argument that Mr. Shakiba was not liable for the injuries Mr. Arvon allegedly sustained in the Accident because he was not operating the car that struck Mr. Arvon and that Mr. Arvon was precluded from obtaining a tort judgment against Mr. Gol, or Mr. Dehboneh, as a matter of law, due to the expiration of the applicable statute of limitations. *Id.* The Maryland Court of Special Appeals subsequently affirmed the Trial Court's entry of summary judgment in favor of Mr. Shakiba, Mr. Gol, and Mr. Deboneh in an Unreported Opinion No. 2719.

19. Plaintiff Arvon asserts in the instant lawsuit against Liberty that his inability to obtain a tort judgment in the Trial Court was due to action(s) of Liberty. Plaintiff Arvon seeks compensatory damages against Liberty in the amount of $250,000, and punitive damages in the amount of $500,000 plus costs, prejudgment interest, and fees.

20. Liberty has denied the allegations in the Complaint and has filed a Motion to Dismiss the Complaint, ECF No. 10.

21. Liberty affirmatively alleges that any economic or non-economic injury sustained by Plaintiff Arvon was solely or partially caused by the negligent acts and/or omissions of Third-Party Defendant, Marc Seldin Rosen, and Third-Party Defendant, The Law Offices of Marc Seldin Rosen, who were solely responsible for providing legal advice to Mr. Arvon, certainly subsequent to September 16, 2013, when Mr. Rosen informed Liberty that he and his law firm were representing Mr. Arvon related to the Accident.

22. In addition, Liberty states and alleges the following:

    a. That Mr. Rosen was Mr. Arvon's attorney since September 16, 2013 specifically with regard to handling matters related to the July 8, 2011 motor vehicle accident;

    b. That Mr. Rosen was Mr. Arvon's attorney when Mr. Arvon filed his initial Tort Complaint against Puya Shakiba in June 2014;

  c. That Mr. Rosen was Mr. Arvon's attorney when Mr. Arvon filed his Amended Tort Complaint against Alireza Gol and Hamed Khodaparasti Dehboneh on August 4, 2014;

  d. That a police report was issued for the motor vehicle accident on July 8, 2011, the date of the accident, and was available to any persons to view it containing the information of all persons involved in the motor vehicle accident and a description of the event itself;

  e. That Mr. Rosen did not obtain or review the police report prior to the filing of the Tort Complaint;

  f. That Mr. Rosen did not ask Liberty to tell him the identity of the drivers of the motor vehicles involved in the Accident;

  g. That Mr. Rosen did not obtain information regarding the ownership of the vehicles involved in the Accident;

  h. That Mr. Rosen did not ask Liberty to tell him the identity of the owner of the motor vehicles involved in the Accident;

  i. That Mr. Rosen failed to make appropriate, reasonable, and specific inquiries as to the identity of the driver of the motor vehicle involved in the Accident and the identity of the owner of said motor vehicle;

  j. That as a result of Mr. Rosen's failure to exercise due care, the Tort Complaint did not name as defendants the driver of the motor vehicle involved in the Accident or the owner of said motor vehicle;

  k. That Mr. Rosen breached his duty to his client, Mr. Arvon, in failing to investigate the facts and circumstances underlying his tort claims;

  l. That Mr. Rosen was negligent when he did not perform a reasonable inquiry and take appropriate steps to act on his client's behalf before the expiration of the three-year statute of limitations; and

  m. That Mr. Rosen's failure to name the driver of the motor vehicle involved in the Accident or the owner of said motor vehicle as defendants in the Tort Complaint caused and/or contributed to the injuries that Mr. Arvon is seeking in this case.

  23. In the event Plaintiff, Biejan Arvon, was injured and/or suffered damages, which is denied, then such injuries/damages arose from the actions, inactions, and/or negligence of Third-Party Defendant, Marc Seldin Rosen, and the Law Offices of Marc Seldin Rosen, and said conduct was the proximate cause of the damages and injuries complained of by Biejan Arvon, if any.

## COUNT I
(Indemnification)

  24. Liberty repeats, re-alleges, and incorporates herein the allegations contained in the preceding Paragraphs as if fully set forth herein.

  25. Although Liberty denies all allegations in the Complaint that it negligently or intentionally misrepresented any information to Mr. Arvon and denies that it is liable for Mr. Arvon's injuries and damages, in the alternative, if Liberty is determined by a jury to have been negligent, then its negligence was secondary and passive to the active and primary negligence of Third-Party Defendants, Marc Seldin Rosen and The Law Offices of Marc Seldin Rosen, and Liberty should have indemnity over and against Third-Party Defendant, Marc Seldin Rosen, and Third-Party Defendant, The Law Offices of Marc Seldin Rosen.

  26. If liability is imposed upon Liberty as a result of injuries and damages allegedly caused to Mr. Arvon, such liability would be as a result of the wrongful, negligent, and/or tortious acts or omissions of the Third-Party Defendants as aforesaid, and Liberty is entitled to indemnification, by operation of law, of any judgment entered in favor of Biejan Arvon against Liberty as a result of Third-Party Defendants' acts or omissions, as the Third-Party Defendants, Marc Seldin Rosen, Esq. and The Law Offices of Marc Seldin Rosen, were the primary, principal, active wrongdoers and any liability on the part of Liberty, if found, would be as a secondary, passive or inactive wrongdoer.

WHEREFORE, Defendant/Third-Party Plaintiff, Liberty Mutual Fire Insurance Company, demands judgment against, Third-Party Defendant, Marc Seldin Rosen, and Third-Party Defendant, The Law Offices of Marc Seldin Rosen, for indemnification for all sums which may be adjudged against Liberty, in favor of Biejan Arvon, along with Liberty's reasonable attorneys' fees and costs.

## COUNT II
(Contribution)

27.   Liberty repeats, re-alleges, and incorporates herein the allegations contained in the preceding Paragraphs as if fully set forth herein.

28.   Although Liberty denies it negligently or intentionally misrepresented any information to Mr. Arvon and denies that it is liable for Mr. Arvon's injuries and damages, if the trier of fact determines that Liberty is liable to Biejan Arvon, then Third-Party Defendants are liable to Liberty for contribution in that the claimed damages were caused by the actions and inactions of the Third Party Defendants under the Maryland Uniform Contribution Among Joint Tort-Feasors Act, Md. Code Ann., Cts. & Jud. Proc. §3-1401 *et seq.*

WHEREFORE, Defendant/Third-Party Plaintiff, Liberty Mutual Fire Insurance Company, demands judgment against Marc Seldin Rosen, Esq., and The Law Offices of Marc Seldin Rosen, Third-Party Defendants, for their contributive share of all sums which may be adjudged against Liberty, in favor of Biejan Arvon.

Respectfully submitted,

/s/ Patricia McHugh Lambert
Patricia McHugh Lambert
Federal Bar No. 02539
Talley H-S Kovacs
Federal Bar No. 17929
PESSIN KATZ LAW, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland  21204

(410) 339-6759  
(410) 832-5628 (fax)  
plambert@pklaw.com  
tkovacs@pklaw.com  
*Attorneys for Defendant, Liberty Mutual Fire Insurance Company*

## JURY DEMAND

Third-Party Plaintiff Liberty Mutual Fire Insurance Company demands a jury trial on its Third-Party Complaint.

/s/ Patricia McHugh Lambert  
Patricia McHugh Lambert  
Federal Bar No. 02539

2150761.1