**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| BIEJAN ARVON, | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: BPG-17-2022 |
| LIBERTY MUTUAL FIRE INSURANCE CO., | * | |
| Defendant/Third-Party Plaintiff, | * | |
| v. | * | |
| MARC SELDIN ROSEN, ESQ. and THE LAW OFFICES OF MARC SELDIN ROSEN, LLC, | * | |
| Third-Party Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Currently pending before the court are third-party defendants Marc Seldin Rosen, Esq., and the Law Offices of Marc Seldin Rosen's ("Rosen") Motion to Dismiss Third-Party Complaint ("Motion to Dismiss") (ECF No. 70), Liberty Mutual Fire Insurance Company's ("Liberty" or "defendant's") Opposition to Motion to Dismiss the Third-Party Complaint ("Opposition") (ECF No. 71), and Rosen's Reply in Support of Rosen's Motion to Dismiss Third-Party Complaint ("Reply") (ECF No. 74). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, Rosen's Motion to Dismiss (ECF No. 70) is granted in part and denied in part.

## I.     **BACKGROUND**

This case arises out of a car accident that occurred on July 8, 2011 between plaintiff and two individuals, Alireza Gol ("Gol") and Hamed Khodaparasti Dehboneh ("Khodaparasti"). (ECF No. 2 at 3). Plaintiff was taken from the scene by medical professionals without exchanging information with the other individuals. (ECF No. 2 at 2). After the accident, plaintiff was contacted by defendant, ostensibly on behalf of one of its insureds, Puya Shakiba ("Shakiba"), who, unbeknownst to plaintiff, was not involved in the accident. Id. Plaintiff alleged that he "was led to believe through many written communications by [defendant] that Mr. Shakiba was the insured party at fault." Id. Plaintiff further alleged that defendant paid for plaintiff's property damage claims under Shakiba's name, requested plaintiff's medical records on Shakiba's behalf, "repeatedly identified Mr. Shakiba as the responsible insured," and "repeatedly offer[ed] to negotiate a settlement on behalf of Mr. Shakiba" without ever mentioning Gol or Khodaparasti. (ECF No. 2 at 2–3). Plaintiff also alleged that his counsel, Marc Rosen, attempted to negotiate a settlement with defendant, but defendant's misrepresentations continued in its conversations with Rosen, and defendant "delayed in responding to Rosen's demands in order to allow the limitations period to pass." (ECF No. 70-1 at 3).

Plaintiff filed suit against Shakiba in the Baltimore County Circuit Court before the expiration of the statute of limitations. Id. After the statute of limitations expired, however, defendant allegedly "disclosed for the first time that the wrong person had been named in their previous communications and in [plaintiff's] Complaint." Id. Defendant identified the driver of the vehicle as Gol, and the owner and passenger of the vehicle as Khodaparasti. Id. Shakiba, the roommate of Gol and Khodaparasti, was not involved in the accident. (ECF No. 2 at 2). Plaintiff filed an amended complaint adding Gol and Khodaparasti as defendants, but all defendants were

granted summary judgment.  (ECF No. 70-1 at 3).  Plaintiff appealed to the Maryland Court of Special Appeals, arguing that his amended complaint related back to his original complaint, and that he was misled by false representations made by Liberty, in an effort to delay him from correcting the named defendants until after the limitations period passed.  (ECF No. 24 at 5–8).  The Court of Special Appeals affirmed the Circuit Court's decision and held that summary judgment was proper as to Shakiba because he was not involved in the accident and therefore breached no duty he owed the plaintiff.  (ECF No. 10-3 at 6).  The court also held that summary judgment was proper as to Gol and Khodaparasti based on the expiration of the statute of limitations.  (ECF No. 10-3 at 7).  Applying the doctrine of equitable tolling, the court held that plaintiff's limitations period was not tolled because the plaintiff failed to exercise reasonable care and due diligence by not obtaining the police report from the accident, which identified Gol and Khodaparasti as the responsible parties.  (ECF No. 10-3 at 9–10).  Regardless of whether Liberty's conduct was intentional or mistaken, the court noted that plaintiff had access to the necessary information and Liberty was under no duty to tell plaintiff who to sue.  Id.

Plaintiff then filed the present lawsuit against defendant alleging both negligent and intentional misrepresentation.  (ECF No. 2 at 8–10).  Defendant sought leave to file a third-party complaint against plaintiff's former attorney, Rosen, alleging that any injury suffered by the plaintiff was due to the negligent acts and/or omissions of Rosen, as plaintiff's attorney, in failing to obtain the police report from the underlying accident which would have identified the driver of the other vehicle.  (ECF No. 40-1 at 1–6).  This request was granted (ECF No. 50), and defendant filed a third-party complaint against Marc Seldin Rosen, Esq., and the Law Offices of Marc Seldin Rosen ("Rosen") (ECF No. 51).   This third-party complaint contains two counts seeking

indemnification and contribution from Rosen in the event that defendant is held liable.  Id. at 6–7.

Rosen then filed the instant motion to dismiss.  (ECF No. 70).

## II.  STANDARD OF REVIEW

The purpose of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  When ruling on such a motion, the court must "accept[] all well-pleaded allegations in the plaintiff's complaint as true" and "draw[] all reasonable factual inferences from those facts in the plaintiff's favor."[1] Id. at 244.  Nonetheless, "[t]he mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)."  Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  Rather, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  Ashcroft, 556 U.S. at 678 (internal citation and quotation marks omitted).  A plaintiff satisfies this standard not by forecasting evidence sufficient to prove the elements of the claim, but by alleging sufficient facts to establish those elements.  Walters, 684 F.3d at 439.  Accordingly, "while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'"  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.  DISCUSSION

### A.  Count I—Indemnification

The parties agree that "[a] party may be entitled to receive indemnification where his own conduct, although negligent, is considered to be passive or secondary."  Pyramid Condo. Ass'n v.

---

[1] Here, "plaintiff" refers to defendant, as defendant has filed a third-party complaint against Rosen as a third-party plaintiff.  (ECF No. 51).

<u>Morgan</u>, 606 F. Supp. 592, 596 (D. Md. 1985). "The determination of whether a tortfeasor's negligence is active or passive must be made by referring to the plaintiff's complaint against the defendant seeking to implead the third party." <u>Id.</u> (citing <u>Tesch v. United States</u>, 546 F. Supp. 526, 529 (E.D. Pa. 1982)). "If the plaintiff's complaint alleges conduct by the third-party plaintiff that would constitute active negligence, or if it is clear from the circumstances revealed by the plaintiff's complaint that the defendant's (third-party plaintiff) liability would only arise, if at all, from proof of active negligence, there is no basis for an indemnity claim and dismissal of the claim is appropriate." <u>Id.</u> (citations omitted).

Rosen argues that defendant's claim for indemnification fails because indemnification is only available for passive negligence and plaintiff's claims against defendant allege active negligence. (ECF No. 70-1 at 4). Specifically, Rosen argues that plaintiff alleges "a series of active steps by [defendant] to wrongfully identify Puya Shakiba as the driver of the vehicle, including: communicating with [plaintiff] on his behalf, requesting medical records, settling a property damage claim on behalf of Shakiba, and repeatedly identifying Shakiba as the only party of interest to the dispute." (ECF No. 70-1 at 6 (citing ECF No. 2 at ¶¶ 5–16)). Defendant argues that it is entitled to indemnification because plaintiff alleged facts as to defendant's conduct that could be considered passive, specifically, that defendant failed to correct misstatements made by Rosen regarding Shakiba's participation in the accident. (ECF No. 71 at 11). Defendant further argues that Rosen's actions and his related duties to his client "differ substantially to those of [defendant], and should be considered active negligence." <u>Id.</u> at 12.

Here, it is clear from the complaint that plaintiff alleges conduct by the third-party plaintiff that would constitute active negligence. This court addressed a similar situation in <u>Renick et al. v. Sperau et al.</u>, Civil No. CCB-12-1627, 2013 WL 1314417 (D. Md. Mar. 29, 2013). There, the

plaintiffs bought a house that contained lead paint hazards from the defendants and sued the defendants for violations of the Residential Lead-Based Paint Hazard Reduction Act ("RLPHRA"), intentional misrepresentation, and negligent misrepresentation, based on defendants' initialing of affirmative statements "and thereby affirmatively representing that no lead paint hazards existed in the house." Id. at *6. The defendants then filed a third-party complaint, seeking indemnity from their realtor and its agent as third-party defendants. Id. at *1. The court granted the third-party defendants' motion to dismiss, finding that, for the plaintiffs to succeed on any of their counts, the defendants "must be found to have committed active negligence," and "a reasonable jury could not determine that [defendants] were only passively negligent and grant indemnity" to defendants on that basis. Id. Similarly, here, plaintiff alleges that defendant made "many misrepresentations of fact pertaining to the identity of its insured driver, including its settlement of the property damage claim in the name of someone other than the driver at fault." (ECF No. 2 at ¶ 27). Accordingly, as in Renick, plaintiff alleges that defendant committed active negligence, rather than passive negligence.

Defendant's additional arguments that indemnification is proper are without merit. While plaintiff has "alleged that [defendant] failed to correct misstatements made by [Rosen] regarding Mr. Shakiba's participation in the accident," as noted by defendant (ECF No. 71 at 11), this occurred after defendant allegedly made affirmative misrepresentations of fact. Accordingly, for the trier of fact to determine that defendant was passively negligent by failing to correct these misstatements, it would have to first find that defendant was actively negligent by making the misstatements, which would preclude defendant from receiving indemnity from Rosen. Defendant also argues that Rosen's actions should be considered active negligence because "Mr. Rosen's actions and the related duties Mr. Rosen held towards his client differ substantially to those of

Liberty." (ECF No. 71 at 12). This argument fails, however, because plaintiff alleges that defendant's negligence was active, rather than passive, so defendant is not entitled to indemnification regardless of the active/passive nature of Rosen's alleged negligence. Accordingly, Count I of the third-party complaint fails as a matter of law and is dismissed.

### B. Count II—Contribution

As noted by the parties, the Maryland Uniform Contribution Among Joint Tort-Feasors Act ("UCATA"), Md. Code. Ann., Cts. & Jud. Proc. §§ 3-1401 *et seq.*, provides for contribution among joint tort-feasors. Md. Code. Ann., Cts. & Jud. Proc. § 3-1402(a). "Joint tort-feasors are 'two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them.'" Renick et al., 2013 WL 1314417 at *6 (quoting Md. Code. Ann., Cts. & Jud. Proc. § 3-1401(c)). The right to contribution applies "when joint tort-feasors are held liable and one tort-feasor has paid more than her pro rata share of the damages." Id. (citing Lerman v. Heeman, 701 A.2d 426, 445–46 (Md. 1997)). This right applies even though "the liability of each wrongdoer may rest on a different ground." Id. (citing Fischbach & Moore Int'l Corp. v. Crane Barge R-14, 476 F. Supp. 282, 287 (D. Md. 1979)).

Here, defendant has alleged in its third-party complaint (ECF No. 51) that, if defendant is found liable to plaintiff, then Rosen is liable to defendant "for contributions in that the claimed damages were caused by the actions and inactions of [Rosen] under [the UCATA]." (ECF No. 51 at 8). Defendant specifically alleges that Rosen "failed to make appropriate, reasonable, and specific inquiries as to the identity of the driver of the motor vehicle involved in the [a]ccident and the identity of the owner of said motor vehicle." (ECF No. 51 at 5). Defendant further alleges that Rosen failed to "name as defendants the driver of the motor vehicle involved in the [a]ccident or

the owner of said motor vehicle," and that said failure "caused and/or contributed to the injuries that [plaintiff] is seeking in this case." (ECF No. 51 at 5–6).

Rosen argues that defendant's contribution claim "fails as a matter of law because [plaintiff] cannot succeed against [defendant] without also defeating the allegations against Rosen." (ECF No. 70-1 at 7). Specifically, Rosen argues that plaintiff must "demonstrate that he and Rosen reasonably or justifiably relied on [defendant's] misrepresentations" to prevail on his claims against defendant for negligent and intentional misrepresentations. Id. at 8. On the other hand, Rosen argues, for defendant to succeed on its claim against Rosen for contribution, defendant must demonstrate that Rosen did not act reasonably or justifiably. Id. Thus, Rosen argues, "it is impossible for both [defendant] and Rosen to be liable for the same injury to [plaintiff]." Id. at 9. Defendant argues that its claim is proper because a fact-finder could find that plaintiff was misled by defendant, but that Rosen was "liable over to [defendant] for successful claims related to the same damages." (ECF No. 71 at 16). Defendant further argues that there may be a potential scenario where both defendant and Rosen are liable to plaintiff, noting that plaintiff "appears to contend that [defendant] misrepresented the identity of the driver to him prior to the time he was represented by Mr. Rosen." Id. at 17. Defendant also urges the court to reject Rosen's argument at this time, given that the court "does not presently have the benefit of knowing the nature and timing of putative misrepresentations, the specific acts undertaken in reliance, and what Mr. Rosen did or did not do to fulfill his own duties to his client." Id.

Here, defendant's third-party complaint offers sufficient facts to state a claim to relief that is plausible on its face, specifically, that Rosen is also liable to plaintiff for failing to properly identify the driver. Further, as noted by defendant, it is not impossible for both defendant and Rosen to be liable for the same injury to plaintiff. In plaintiff's complaint, plaintiff states that he

retained counsel <u>after</u> defendant misinformed him regarding the identity of the driver and that, thereafter, Rosen received similar misinformation and relied on the same. (ECF No. 2 at 4). A trier of fact could find that defendant misrepresented the identity of the driver to plaintiff before plaintiff retained counsel and that plaintiff reasonably relied on that misrepresentation, but that, after he was retained, Rosen negligently failed to independently identify the driver and thus contributed to plaintiff's injuries. Therefore, defendant's contribution claim "state[s] a claim to relief that is plausible on its face." <u>Ashcroft</u>, 556 U.S. at 678.

Defendant's claim for contribution fails as a matter of law, however, to the extent that it seeks contribution for intentional acts. As noted by Rosen, the UCATA only allows contribution "between negligent tortfeasors." (ECF No. 70-1 at 10 (quoting <u>Parler & Wobber v. Miles & Stockbridge</u>, 756 A.2d 526, 534 (Md. 2000)). Accordingly, defendant may seek contribution from Rosen in the event that defendant is found liable on plaintiff's claim of negligent misrepresentation. If, on the other hand, defendant is found liable on plaintiff's claim of intentional misrepresentation, defendant may not seek contribution from Rosen. To be found liable on the claim of intentional misrepresentation, the trier of fact must find that defendant "made a false misrepresentation to the plaintiff" and "the misrepresentation was made for the purpose of defrauding the plaintiff." <u>Kilcos Painting Co., Inc. v. Saffo Contractors, Inc.</u>, No. RDB-15-2505, 2018 WL 3432043 at *13 (D. Md. July 16, 2018) (quoting <u>On Site Pers., LLC v. C-Care, LLC, et al.</u>, No. JFM-13-03700, 2015 WL 2129685 at *13 (D. Md. May 6, 2015)). Accordingly, if defendant is found liable for intentional misrepresentation, defendant would not be a "negligent tortfeasor."

Based on the foregoing, if defendant is found liable solely on plaintiff's claim of negligent misrepresentation, defendant may be able to claim a right of contribution from Rosen. Rosen's motion to dismiss is denied as to defendant's contribution claim.

**IV.**    **CONCLUSION**

For the foregoing reasons, Rosen's Motion to Dismiss (ECF No. 70) is GRANTED in part and DENIED in part. A separate order will be issued.


March 1, 2019                                              _____/s/_____
                                                          Beth P. Gesner
                                                          Chief United States Magistrate Judge